**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Knight Transportation, Inc., an Arizona Corporation; et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>Baldwin & Lyons, Inc., an Indiana Corporation; et al.,<br><br>   Defendants. | No.  CV10-1835-PHX-DGC<br><br>**ORDER** |

Defendants move to transfer this case to the United States District Court for the District of Indiana. Doc. 7. Plaintiffs oppose. Doc. 10. The motions have been fully briefed.[1] Docs. 7, 10, 13. For the reasons stated below, the Court will deny the motion.

Defendants concede that the only two factors under *Jones v. GNC Franchising*, 211 F.3d 495 (9th Cir. 2000), that could justify transfer here are "the availability of sources of proof and the forum court's ability to compel discovery and attendance at trial." Doc. 13 at 3. They assert that "several witnesses, including Steve Brazzell, who are located in Illinois and Indiana will be beyond the subpoena power of this Court for trial," (*id.* at 4), though they concede in their motion that the Court can "subpoena such witnesses in Indiana" under Rule 45 (Doc. 7 at 5). Defendants also implicitly concede that they do not know with certainty at this stage where the majority of witnesses and evidence will be located. Doc. 13 at 5.

---

[1] The Parties' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 | After reviewing the pleadings, the Court finds that Defendants have not made a showing sufficiently adequate to defeat the Plaintiffs' choice of forum.

**IT IS ORDERED** that Defendants' motion to transfer venue (Doc. 7) is **denied**.

DATED this 9th day of December, 2010.

_____
David G. Campbell
United States District Judge