**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Knight Transportation, Inc., et al., | ) | No. CV-10-1835-PHX-SMM |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Baldwin & Lyons, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendants Baldwin & Lyons, Inc., et al. ("B&L's") motion for leave to file third-party complaint for contribution. (Doc. 169.) B&L has lodged their proposed third-party complaint with the Court. (Doc. 169-1.) Also pending is B&L's motion for leave to file an amended answer that includes a new affirmative defense. (Doc. 171.) B&L has lodged their proposed amended answer. (Doc. 171-1.) Both motions are fully briefed. (Docs. 176-78, 180-81.) The Court will deny B&L's motion for leave to file a third-party complaint for contribution and grant B&L's motion for leave to file an amended answer that includes a statute of limitations affirmative defense.[1]

Background

In 2001, B&L and Plaintiffs Knight Transportation, Inc., et al. ("Knight") entered into a contractual relationship ("Claims Contract") in which B&L agreed to administer the

---

[1]B&L has requested oral argument. The Court will not set oral argument on these motions because based on the submitted legal memoranda, oral argument would not aid the Court's decisional process. See e.g., Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998).

1   work-related injury claims of Knight.  (Doc. 1-1 at 47-48.)  B&L submits that from August

2   1, 2001, until about February 1, 2009, B&L handled all work-related injury claims that

3   Knight referred to B&L for handling.  (Doc. 76 at 11.)  Subsequently, in July 2010, Knight

4   filed suit alleging that B&L negligently handled its worker's compensation claims; Knight

5   contends that 92 of the 1,873 claims referred to B&L over the course of their relationship

6   were mishandled in some fashion.  (Doc. 67, Doc. 82 at 2.)

7       With regard to at least 15 of the 92 claims at issue, B&L hired Third Party

8   Administrators ("instate TPAs"), Crawford & Company ("Crawford") and/or CorVel

9   Corporation and CorVel Enterprise Comp., Inc. (collectively "CorVel") to adjust those

10  claims.  (Doc. 169 at 2.)  Using the opinions and calculations of Knight's expert's, B&L

11  alleges that the 15 claims adjusted by Crawford and CorVel amount to over $1.6 million of

12  Knight's alleged damages.

13      On March 4, 2011, the Court issued its case management order stating that "[t]he

14  deadline for joining parties, amending pleadings, and filing supplemental pleadings is 60

15  days from the date of this Order."  (Doc. 19.)  The resulting deadline for joining parties and

16  amending pleadings was May 3, 2011.  On March 16, 2012, the Court granted leave and

17  Knight filed an amended complaint.  (Docs. 66, 67.)  On April 20, 2012, B&L filed its

18  answer to the amended complaint.  (Doc. 76.)  Since the Court's initial case management

19  order, the case management deadlines have been extended five times.  (Docs. 50, 62, 73, 123,

20  165.)  The current discovery cut-off deadline is August 8, 2014.

21      Standard of Review

22      *Amending Case Management Deadlines*

23      Once the court files its pretrial case management order pursuant to Federal Rule of

24  Civil Procedure 16 establishing a timetable for amending pleadings, Rule 16 standards

25  control any modification.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08

26  (9th Cir. 1992).  The case management schedule shall not be modified except by leave of

27  court upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  The good cause standard

28  primarily considers the diligence of the party seeking the amendment.  See Johnson, 975 F.2d

1  at 609.  The court may modify the pretrial schedule if amendment cannot reasonably be

2  sought despite the diligence of the party seeking the modification.  Id.

3     *Rule 15 Amendment*

4        A party seeking to amend its pleading must both establish good cause for modifying

5  the case management schedule and demonstrate that amendment of pleadings is proper under

6  Fed. R. Civ. P. 15.  See id. at 608.  Under Rule 15, although leave to amend "shall be freely

7  given when justice so requires," it "is not to be granted automatically." Zivkovic v. Southern

8  California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Jackson v. Bank of

9  Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)).  The court may deny a motion for leave to

10  amend if permitting an amendment would, among other things, cause an undue delay in the

11  litigation or prejudice the opposing party.  See Jackson, 902 F.2d at 1387; see also Solomon

12  v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the

13  district court's denial of motion to amend pleadings filed on the eve of the discovery

14  deadline). The Ninth Circuit has summarized the appropriate Rule 15 factors to include the

15  following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of

16  amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir.

17  1984). Granting or denial of leave to amend rests in the sound discretion of the trial court.

18  Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).

19     *Rule 14 Impleader*

20        If the party is able to establish good cause for modifying the case management

21  schedule, the party must also demonstrate that impleading a third-party defendant is proper

22  under Fed. R. Civ. P. 14.  Under Rule 14, a defendant may bring a third-party complaint

23  against "a nonparty who is or may be liable to it for all or part of the claim against it" as a

24  matter of right. Fed. R. Civ. P. 14(a)(1). Thus, a party can assert a third-party claim where

25  a third-party defendant's liability to the third-party plaintiff is dependent on the outcome of

26  the main claim and is secondary or derivative thereto.  Stewart v. Am. Int'l Oil & Gas Co.,

27  845 F.2d 196, 199 (9th Cir. 1988).  If a defendant, and would-be third-party plaintiff, files

28  the third-party complaint more than 14 days after serving its original answer, however, "the

1  third-party plaintiff must, by motion, obtain the court's leave."  Fed. R. Civ. P. 14(a)(1).

2  Whether to grant leave is within the "sound discretion of the trial court." United States v.

3  One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983).

4      The court's purpose in granting leave to implead a third party is "to promote judicial

5  efficiency by eliminating the necessity for the defendant to bring a separate action against

6  a third individual who may be secondarily or derivatively liable to the defendant for all or

7  part of the plaintiff's original claim." Sw. Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769,

8  777 (9th Cir. 1986).  However, the trial court may deny impleader based on the timeliness

9  of the motion, whether the impleader is likely to delay the trial, and whether the impleader

10  will cause prejudice to the original plaintiff. See Irwin v. Mascott, 94 F. Supp.2d 1052, 1056

11  (N.D. Cal. 2000). The court also considers whether the impleader will "disadvantage the

12  existing action" by, among other things, complicating and lengthening the trial, or

13  introducing extraneous questions. See Sw. Adm'rs, 791 F.2d at 777.

14      Discussion

15      *Leave to File Third-Party Complaint*

16      B&L contends that the Court should grant leave to implead Crawford and Corvel

17  because: 1) their motion was timely brought; 2) Knight's litigation position that Crawford

18  and Corvel negligently handled the worker's compensation claims assigned to them

19  demonstrates that B&L has a legitimate complaint against Crawford and Corvel; 3)

20  impleading Crawford and Corvel will not delay trial or lengthen the proceeding; and 4) B&L

21  will be prejudiced if not allowed to implead Crawford and Corvel.  (Doc. 169.)

22      Knight responds that B&L has not established good cause for modifying the case

23  management deadlines because it was not diligent in seeking impleader. (Doc. 176.) Knight

24  further contends that the setting for trial will be delayed significantly because it will need to

25  conduct significant additional discovery if Crawford and Corvel are impleaded and further

26  that the matter will be lengthened and complicated by the addition of new parties and issues.

27  (Id.)  Knight also argues that they will be prejudiced by having to defend itself against new

28  discovery, claims and counterclaims.  (Id.)  Finally, Knight contends that impleader is not

1    the only way for B&L to recover against Crawford and Corvel as it can seek contribution in

2    a subsequent lawsuit.  (Id.)

3        The Court agrees with Knight and for multiple reasons will deny leave for B&L to file

4    the requested third-party complaint against Crawford and Corvel.  Most importantly, based

5    on the following, the Court finds that B&L was not diligent in pursuing the requested third-

6    party complaint.  On March 4, 2011, the Court issued its Case Management Order stating that

7    "[t]he deadline for joining parties . . . is 60 days from the date of this Order."  (Doc. 19.)  The

8    resulting deadline for joining parties was May 3, 2011.  Subsequently, in August 2011, in

9    preparation for mediation, the preliminary report of Knight's expert, Wayne Austin, was

10   provided to B&L.  In this report, Knight's expert alleged that B&L was liable for any

11   professional negligence committed by Crawford and Corvel.  (Doc. 176-1 at 6.)  In May

12   2012, Wayne Austin, after completing his review of the 92 claims against B&L, issued a

13   supplemental report alleging that B&L was liable for its supervision of the claims negligently

14   handled by Crawford and Corvel.  (Doc. 169 at 4.)  In August 2012, B&L issued subpoenas

15   to Crawford and Corvel and conducted discovery on this point.  (Doc. 176-1 at 3.)  However,

16   it was not until September 2013 that B&L moved for leave to file its third-party complaint.

17   The Court finds that B&L did not exercise the requisite diligence to implead Crawford and

18   Corvel.  See Johnson, 975 F.2d at 609 (stating that "the focus of the [Rule 16(b)] inquiry is

19   upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent,

20   the inquiry should end"); see also Learjet, Inc. v. Oneok, Inc., 715 F.3d 716, 736 (9th Cir.

21   2013) (finding nine month delay showed lack of movant's diligence).

22       The Court further finds that these proceedings will be unduly lengthened and

23   complicated by the addition of new parties and issues at this time.  This is already an

24   extremely complicated and time-consuming case.  Since the initial case management order

25   in March 2011, it has been necessary for the Court to grant the parties five extensions to the

26   case management deadlines.  (Docs. 50, 62, 73, 123, 165.)  The parties are performing full-

27   scale investigations into the handling of 93 worker's compensation claims.  Additional

28   parties and additional claims will mean additional witnesses, written discovery, depositions,

and documents, and the Court has already had numerous, and lengthy discovery dispute hearings. The Court finds that adding these new parties and new issues will unduly lengthen this already protracted litigation.

Finally, the Court rejects B&L's argument that this is the only litigation by which it may recover contribution from Crawford and Corvel. The Court finds that neither the Arizona Uniform Contribution Among Tortfeasors Act ("UCATA"), A.R.S. § 12-2506, nor related case law, including Wiggs v. City of Phoenix, 198 Ariz. 367, 10 P.3d 625 (2000), prevents B&L from initiating a separate lawsuit for indemnity or contribution against Crawford and Corvel. For example, subsequent lawsuits are specifically contemplated by A.R.S. § 12-2506(B), which states that nonparty at fault allocations shall not play any role in any subsequent action. Similarly, Wiggs does not preclude a subsequent indemnity or contribution action. In Wiggs, the plaintiff's daughter was killed by an automobile while crossing a street in the City of Phoenix ("City"). Id. at 368, 10 P.3d at 626. The plaintiff sued the City for wrongful death, alleging improper maintenance of the streetlight. Id. The City conceded its non-delegable duty to maintain its streets in a reasonably safe condition but named as a non-party at fault Arizona Public Service ("APS"), an independent contractor obligated to operate and maintain the streetlight under a contract with the City. Id. The Supreme Court held that the vicarious liability of an employer of an independent contractor, where that employer has a non-delegable duty, was unaffected by the comparative fault statute. Id. at 371, 10 P.3d at 629. In its ruling, the supreme court specifically stated that "[t]he employer may seek indemnity against the independent contractor in cases of pure vicarious liability, or contribution against an independent contractor in cases in which the employer has some degree of independent liability." Id.

Based on the same reasoning as Wiggs, if B&L is found vicariously liable for negligence committed by Crawford and Corvel, it may seek indemnity and/or contribution from them in a subsequent action. Neither case law nor UCATA precludes such a subsequent action. Based on the foregoing, the Court denies B&L's motion for leave to file a third-party complaint against Crawford and Corvel for contribution.

1    *Leave to File Amended Answer*

2    Next, B&L requests that the Court grant it leave to file an amended answer including

3    a statute of limitations affirmative defense because: 1) B&L recently obtained evidence from

4    Shelly Howick that she was informally involved with Knight's worker's compensation

5    claims prior to the formal contractual relationship that she established with Knight in October

6    2008; 2) prior to obtaining this new evidence, B&L did not have a reasonable belief

7    sufficient to satisfy its Rule 11 obligations for asserting a statute of limitations defense; 3)

8    Knight's failure to produce documents related to the time frame of January 2008 to July 2008

9    kept B&L from thoroughly investigating whether it had a statute of limitations defense; and

10   4) Knight will not be prejudiced by addition of the statute of limitations affirmative defense.

11   (Docs. 171, 180.)

12   Knight contends that B&L has not established good cause for modifying the case

13   management deadlines or Rule 15 standards for leave to file an amended answer because the

14   evidence recently obtained is not new, rather B&L already knew this information but chose

15   not to pursue a statute of limitations defense. (Doc. 177.)  Knight further contends that B&L

16   has not been diligent in discovery regarding its potential statute of limitations defense even

17   though they had more than adequate opportunity.   (Id.)   Finally, Knight argues that

18   amendment to include a statute of limitations defense would prejudice them because it would

19   turn back the clock and require substantial additional discovery.  (Id.)

20   The Court will consider and discuss B&L's statute of limitations arguments, Knight's

21   contentions, and relevant case law, all in the context of these labored case proceedings,

22   which have now passed the 3-year mark.  First, B&L must satisfy good cause under Rule 16

23   to modify the case management order.  The good cause standard primarily considers the

24   diligence of the party seeking the amendment.  See Johnson, 975 F.2d at 609. The focus of

25   the inquiry is upon the moving party's reasons for seeking modification.  Id.  Second, B&L

26   must satisfy Rule 15's factors for allowing amendment to its answer.  Those factors include

27   undue delay, bad faith, dilatory motive and undue prejudice to Knight.  See Waldrip v. Hall,

28   548 F.3d 729, 732-33 (9th Cir. 2008).

- 7 -

1          Recent Evidence

2          First, B&L argues that during the August 2013 re-deposition of Shelly Howick, it

3    recently became aware that she was informally involved with Knight's worker's

4    compensation claims prior to her relationship with Knight being formalized in October 2008.

5    (Doc. 171 at 3-8.)  Based on this new evidence, B&L seeks to develop its argument that the

6    trigger which commences the running of Knight's professional negligence claim arose

7    earlier.  (Id.)  Knight counters that B&L already had an adequate opportunity to investigate

8    the extent of Howick's involvement with Knight's worker's compensation claims at her first

9    deposition based on information B&L obtained through discovery.  (Doc. 177.)

10          The Court first finds that Knight is correct that B&L had information that Knight was

11   unhappy with the performance of B&L prior to July 2010 and that B&L is responsible for

12   thoroughly conducting its own investigation.  While it is also true that B&L could have more

13   thoroughly questioned Howick at her first deposition, the Court further finds that in July

14   2010 Knight argued to B&L and took the position that B&L did not have a statute of

15   limitations affirmative defense because Howick did not have a formal relationship with

16   Knight prior to October 2008.  (Doc. 171-1 at 16.)

17          Thus, as to diligence or undue delay, the "recent" evidence cuts both ways.  While

18   B&L could have conducted a more thorough investigation, its investigation was hindered by

19   the legal position Knight took regarding Howick's responsibilities with Knight prior to

20   October 2008.  The Court does not find that B&L lacked diligence or unduly delayed based

21   on these facts.

22          Rule 11

23          B&L argues that it did not have a valid statute of limitations argument until it obtained

24   the new Howick evidence and recently obtained emails regarding Howick's informal role

25   with Knight regarding its worker's compensation claims.  (Docs. 171, 180.)  Absent a valid

26   statute of limitations argument, B&L contends that it would have run afoul of Rule 11 by

27   pleading the statute of limitations affirmative defense.  Knight counters that the Rule 11 issue

28   is not whether B&L had a "valid" statute of limitations defense but whether B&L, upon

1    information and belief, could legitimately assert the affirmative defense.

2          The statute of limitations in a professional negligence case begins to run when a

3    reasonable client is put on notice to investigate whether the injury suffered may be

4    attributable to negligence. See Walk v. Ring, 202 Ariz. 310, 318, 44 P.3d 990, 998 (App.

5    2002). The failure to achieve an expected result, is not, as a matter of law, always sufficient

6    to trigger the statute of limitations in a professional negligence case. Id. at 315, 44 P.3d at

7    995. Something more is required than the mere knowledge that one has suffered an adverse

8    result while under the care of professional fiduciary. Id.

9          In this case, the key time mark on the statute of limitations issue for professional

10   negligence is July 2, 2008, which is two years prior to Knight initiating this civil action.

11   B&L seeks leave to include a statute of limitations defense so that it can argue that the trigger

12   for the running of Knight's professional negligence claim arose earlier than July 2, 2008.

13   The Court agrees with Knight that B&L would not have run afoul of Rule 11 if it had

14   asserted the affirmative defense in its answer. However, that does not preclude the Court

15   from granting leave to B&L to assert it now, so long as B&L satisfies good cause for the

16   modification and Rule 15 amendment. See Strategic Diversity Inc., v. Alchemix Corp., No.

17   CV 07-929-PHX-GMS, 2013 WL 4511971 at *11 (D. Ariz. August 28, 2013) (citing Owens

18   v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (stating that a

19   defendant's failure to raise an affirmative defense in its answer does not necessarily waive

20   the defense; the defense may be raised later "if the delay in raising [it] does not prejudice the

21   plaintiff")); see also Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993).

22               Knight's Failure to Produce Documents

23          B&L asserts that it has now learned that Howick, through Blue Star and another

24   entity, TransStar, was actively involved in the process to replace B&L as Knight's third party

25   administrator for worker's compensation claims as early as January 2008. (Doc. 180 at 8.)

26   On this point, B&L further asserts that Howick's and Blue Star's correspondence and related

27   documents have not yet been fully produced in discovery and that B&L still expects to

28   receive re-subpoenaed documents from Howick and Blue Star sometime after October 2013.

1   (Id.)  B&L contends that its failure to bring a statute of limitations defense earlier was due
2   to Knight's database failures and Knight's one-year document retention policy which resulted
3   in Knight failing to produce all documents covering the key time frame of January to July
4   2008.

5          The Court is quite familiar with the ongoing problems regarding discovery in this
6   case.  (See Doc. 165 (giving Knight until Friday, November 29, 2013 to provide relevant
7   email discovery to B&L).)  The current discovery cut-off deadline for the parties is August
8   8, 2014.  (Id.)  At issue is whether Knight's ongoing problems with production of documents
9   during discovery affected B&L's diligence in pursuing a statute of limitations affirmative
10  defense.  The Court finds that Knight's ongoing discovery production issues has affected
11  B&L's ability to pursue a statute of limitations defense.  The Court does not find that B&L
12  lacked diligence or unduly delayed in seeking to amend its answer to include this affirmative
13  defense.

14          Prejudice

15          Finally, B&L asserts that Knight will not be prejudiced by assertion of a statute of
16  limitations defense as the discovery cut-off deadline is not until August 8, 2014 and no
17  further case management deadlines will need to be adjusted.  (Doc. 171 at 8-10.)  Knight
18  contends that it will be prejudiced because B&L could have brought the affirmative defense
19  earlier; consequently, allowing it to be asserted now will result in additional and duplicative
20  discovery costs.

21          The Court does not find that Knight will be significantly or unduly prejudiced.  The
22  Court has already found that Knight's problems with the production of documents has
23  affected B&L's diligence and ability to pursue this affirmative defense.  Further, the parties
24  are still conducting discovery, with the discovery cut-off deadline not being until August 8,
25  2014.

26          The Court finds that B&L established good cause under Rule 16 to modify the case
27  management order.  The Court further finds that B&L satisfied the standards for allowing it
28  to amend its answer under Rule 15.  Therefore, the Court will grant leave for B&L to amend

its answer to assert a statute of limitations defense.

Accordingly, on the basis of the foregoing,

**IT IS HEREBY ORDERED DENYING** B&L's motion for leave to file third-party complaint for contribution.  (Doc. 169.)

**IT IS FURTHER ORDERED GRANTING** B&L's motion for leave to file an amended answer that asserts a new statute of limitations affirmative defense.  (Doc. 171.) The Clerk of Court shall file B&L's lodged proposed amended answer.  (Doc. 171-1.)

DATED this 24th day of January, 2014.

Stephen M. McNamee
Senior United States District Judge